Submitted December 23, 2019, affirmed January 15, 2020

In the Matter of D. S.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

D. S.,
*Appellant.*

Multnomah County Circuit Court
17JU09272;
Petition Number 171023256;
A167682

457 P3d 376

Amy Holmes Hehn, Judge.

Matthew J. Steven and Youth, Rights & Justice filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Brewer, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Youth punched a man in the face, breaking his glasses. For that conduct, she was found to be within the delinquency jurisdiction of the juvenile court for acts which, if committed by an adult, would constitute fourth-degree assault. On appeal, youth assigns error to the trial court's award of $979 in restitution to the victim for the cost of replacing his glasses. Youth contends that there is insufficient evidence to support a finding that that replacement cost was "reasonable" under ORS 31.710(2)(a). Youth also contends that awarding the victim the cost of replacing his glasses would unjustly enrich the victim, given that his glasses were several years old at the time that youth broke them. The state responds that youth did not preserve those contentions, that the evidence presented is sufficient to establish that the amount awarded for the replacement cost of the glasses was reasonable, and that the award does not unjustly enrich the victim.

We agree with the state that youth did not preserve her contention that the evidence would not support a finding that the $979 amount was reasonable and reject it for that reason. The issue litigated below was the proper measure of the victim's damages. Youth argued that the victim was only entitled to recover the $220 he paid for the glasses in 2013 (the glasses cost $933 at that time, but the victim's insurance paid the bulk of the cost). The state argued that the victim, who no longer had insurance coverage for eyeglasses, was entitled to restitution for the full $979 that it would cost him to replace his glasses. Not once did youth suggest the evidence presented below, which included the testimony about the replacement cost from an optician, was not sufficient to show that the cost was reasonable. *See State v. Chastain*, 299 Or App 646, 651-52, 451 P3d 646 (2019) (rejecting as unpreserved "more specific" objections to particular aspects of a restitution award when those objections were raised for the first time on appeal).

Youth's arguments below arguably preserved her contention that the victim would be unjustly enriched if he were awarded the replacement cost of his glasses, but, assuming that it is a cognizable argument in a restitution

proceeding, that is a contention that we reject on its merits. Youth's conduct left the victim with a broken pair of glasses. The state presented evidence that it would be costly to repair the glasses and that, even with repairs, the glasses would not be as durable as they had been. Under those circumstances, the trial court did not err in rejecting defendant's assertion that it would unjustly enrich the victim to require youth to bear the cost of replacing the glasses.

Affirmed.